[Criminal No. 854.   Filed June 7, 1937.]

[68 Pac. (2d) 673.]

BERT ANDERSON, Appellant, v. STATE OF ARIZONA, Respondent.

Mr. J. E. Russell and Mr. Edw. S. Lymar, for Appellant.

Mr. Joe Conway, Attorney General, and Mr. Albert M. Garcia and Mr. W. E. Polley, His Assistants, for the State.

PER CURIAM.—On the night of December 23, 1936, at about 11 o'clock, the appellant, Bert Anderson, in front of the Antlers pool hall in Prescott, Yavapai county, shot and killed Cecil Kuykendall. The county attorney filed an information against him for murder in the first degree. February 3 and 4, 1937, he was tried and found guilty and the punishment fixed by the jury was death.

He appealed, the record being lodged in this court February 19, 1937. Nothing has been done since, except for the filing of a stipulation extending the time to April 15, 1937, in which to file appellant's opening brief, and upon motion of the Attorney General made and filed May 15, 1937, the case was thereafter ordered submitted.

Appellant was represented at the trial by able and experienced counsel, but such counsel have not followed the case here with assignments or briefs. However, one of them, under date of April 23, 1937, has written the court as follows:

" . . . I recall every move in the trial very well. I have with greatest care examined the record and will say that I do not find any error. The Court was eminently fair and just in his rulings. I am convinced every witness spoke the truth as he saw it. I can find but one question for the Court to determine, which calls for an examination of the testimony given at the trial, that is whether the evidence supports the judgment and sentence of death. I am unable to cite any authority that will in any manner enlighten the Court, and any comments I would make would perhaps be surplusage . . . . "

After reading the transcript of the evidence and the instructions of the court to the jury, which are

more than fair to appellant, we are satisfied appellant was given a fair and impartial trial and that the judgment of conviction should be affirmed. It is so ordered.